FILED \_\_\_\_ RECEIVED
ENTERED \_\_\_\_ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 17 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCILIN ANNE BENVIN,<br><br>Defendant. | 3:11-cr-99-RCJ-WGC<br><br>**ORDER** |

Currently before the Court are a Motion for Information, Materials and Evidence Pursuant to Scope of Pre-Trial *Brady* Obligations (#19), a Motion to Inspect and Produce Personnel Files of Federal Law Enforcement Officers and Federal Task Force Officers (#20), and a Motion for Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) (#21).

## BACKGROUND

On August 10, 2011, the grand jury charged Defendant Marcilin Anne Benvin with 50 counts involving six different crimes including wire fraud, mail fraud, money laundering, aggravated identity theft, embezzlement and theft from an employee benefit plan, and false statements and concealment of facts in employee benefit plan records. (*See generally* Indictment (#1)). In October 2011, the parties stipulated and agreed to designate the case as a complex case, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and filed a proposed complex case schedule. (Proposed Complex Case Schedule (#13) at 1-2).

The proposed complex case schedule stated that the government had already provided defense counsel with discovery consisting of 19,776 documents, most of which were on a

1    DVD. (*Id.* at 2). The documents included documents, reports, and witness statements
2    pertinent to the government's case. (*Id.*). The government also advised defense counsel that
3    there were 69 boxes of documents related to Cetus Mortgage and Ticor Title at the Internal
4    Revenue Service, Criminal Investigation office in Reno, Nevada, and another 49 files and
5    documents at the Federal Bureau of Investigation office in Reno which were available for
6    review and copying if defense counsel needed any of those files. (*Id.*).

   In the proposed complex case schedule, the government stated that it had disclosed all materials required under Federal Rule of Criminal Procedure 16(a)(1)(A)-(F) and mandated by the U.S. Constitution. (*Id.* at 3). The government stated that it would "continue to disclose to the defense up to and through trial any materials that [were] required to be disclosed by statute, rule, or the United States Constitution." (*Id.*).

   A jury trial is set for August 19, 2013. (*See* Order to Continue (#18)).

## DISCUSSION

I. **Motion for Information, Materials and Evidence Pursuant to Scope of Pre-Trial Brady Obligations (#19)**

   Defendant seeks an order directing the government to produce impeachment material at least 20 days prior to trial. (Mot. for Information (#19) at 9). Defendant asserts that she has a right to impeachment evidence pursuant to Supreme Court law and then lists five and a half pages of "specific types of material" that falls within that provision. (*Id.* at 2-6). Defendant acknowledges that the government stipulated that it would continue to provide all material and evidence that is mandated by the U.S. Constitution and admits that no dispute exists between the parties. (*Id.* at 1).

   The government responds that the motion is a "waste of the Court's time" and should be denied because the government is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) and *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972) and will comply with those obligations. (Resp. to Mot. for Information (#25) at 1).

   The Court denies this motion because the government has agreed to provide all

material and evidence that it is required to disclose by statute, rule, or the U.S. Constitution. (*See* Proposed Complex Case Schedule (#13) at 3). Additionally, as Defendant admits, there is no dispute between the parties and, thus, no need to issue an order that directs the government to follow the law regarding impeachment evidence.

II. **Motion to Inspect and Produce Personnel Files of Federal Law Enforcement Officers and Federal Task Force Officers (#20)**

Defendant moves the Court for an order requiring the prosecution to inspect and produce the personnel files of all federal law enforcement officers it intends to call as witnesses at trial. (Mot. to Inspect (#20) at 1). Defendant makes this request pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). (*Id.* at 2-3).

In response, the government states that it agrees to comply with the obligations set forth in *Henthorn* and that it has already contacted the appropriate agency officials to initiate such a review. (Resp. to Mot. to Inspect (#23) at 1).

In *Henthorn*, the Ninth Circuit held that when a defendant requests the personnel files of testifying officers the prosecution must disclose information favorable to the defense that meets the appropriate standard of materiality. *Henthorn*, 931 F.2d at 30-31. If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an *in camera* inspection and evaluation. *Id.* at 31. The government has the duty to examine personnel files upon a defendant's request for their production. *Id.*

Pursuant to *Henthorn*, the Court grants the Motion to Inspect and Produce Personnel Files of Federal Law Enforcement Officers and Federal Task Force Officers (#20).

III. **Motion for Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) (#21)**

Defendant moves the Court for an order directing the government to provide 30 days notice in advance of trial of the general nature of any evidence under Federal Rule of Evidence 404(b). (Mot. for Notice (#21) at 1). Defendant asserts that Rule 404(b) states that the prosecution shall provide Rule 404(b) evidence to defendant with "reasonable notice in advance of trial." (*Id.* at 2). Defendant argues that reasonable notice depends on the

1 | individual case and seeks one month notice to permit timely filing and consideration of motions
2 | in limine to exclude such evidence. (*Id.* at 2, 5).
3 | In response, the government asserts that the request for 30 days is excessive and that
4 | two weeks prior to trial is more than sufficient. (Resp. to Mot. for Notice (#24) at 1).
5 | Rule 404(b) provides that evidence of crime, wrong, or other act may be admissible for
6 | proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake,
7 | or lack of accident. Fed. R. Evid. 404(b)(1)-(2). On request by a criminal defendant, the
8 | prosecutor must "provide *reasonable notice* of the general nature of any such evidence that
9 | the prosecutor intends to offer at trial" and "do so before trial--or during trial if the court, for
10 | good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2)(A)-(B). "Reasonable
11 | notice is designed to reduce surprise and promote early resolution of admissibility issues."
12 | *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999).
13 | The Court grants Defendant's motion to the extent that the government must provide
14 | three weeks notice in advance of trial regarding the use of Rule 404(b) evidence. The Court
15 | finds that three weeks is reasonable given the complexity of the case and the voluminous
16 | amounts of discovery.
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion for Information, Materials and Evidence Pursuant to Scope of Pre-Trial Brady Obligations (#19) is DENIED.

IT IS FURTHER ORDERED that the Motion to Inspect and Produce Personnel Files of Federal Law Enforcement Officers and Federal Task Force Officers (#20) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) (#21) is GRANTED to the extent that the government must provide notice of its use of Rule 404(b) evidence to Defendant three weeks in advance of trial.

Dated this 17th day of May, 2013.

_____
United States District Judge

5